Thomas J. Hughes, J.
This is a motion to vacate a judgment of conviction based on the defendant’s plea of guilty to the crime of attempted robbery in the first degree in .satisfaction of Indictment No. 285/39, said plea to cover Indictment Nos. 286/39, 287/39 and 288/39. The defendant was sentenced on June 9, 1939 to the New York State reformatory. According to the District Attorney’s information, he was released on parole *29 on January 22, 1942. He is presently incarcerated at the Federal Penitentiary at Atlanta, Georgia, on an unrelated charge.
He now claims that at the time he entered the guilty plea, that he was not advised by the court that he could retain counsel of his own choice or, if indigent, the court would assign counsel to him.
There are no minutes of plea or sentence in the court files. However, the indictment bears a notation in each case that Francis X. Dunn was counsel for the defendant.
Without going into the merits of the application, the court finds that the defendant is not within the jurisdiction of this court as he is presently serving a sentence in Atlanta, Georgia. As a result, he is not entitled to seek relief from this court until he subjects himself to its jurisdiction (People v. Deutsch, 23 A D 2d 732). The court is mindful of the decision in People v. Clancy (39 A D 2d 538), where the Deutsch case was not followed for the reason that the defendant’s absence was not voluntary. In the latter case, the defendant was brought by the State of New York from the Federal Penitentiary at Marion, Illinois, to answer the Bronx County indictment and after pleading guilty and sentenced, he was returned to the Federal prison. The Appellate Division held that his absence from this State was involuntary and ordered his return for a postconviction hearing on the issue of competency at the time of trial (plea).
The situation presented in this motion is not apposite to Clancy. The defendant was sentenced in 1939 and paroled in 1942. Whatever he did thereafter which resulted in the Federal incarceration in nowise affected any of his rights under the conviction being contested at the present time. The State of New York never exercised jurisdiction in any manner to obtain his presence in the State after he had been released. Therefore the rationale of Clancy is not applicable to this proceeding.
The motion is denied without prejudice with leave to renew if and when the defendant subjects himself to the jurisdiction of the court.